**In re Kenneth L. and Betty F. DENTON, Bankrupts.**

**Kenneth L. and Betty F. DENTON, Appellants,**

v.

**UNITED STATES BANKRUPTCY TRUSTEE Henry C. SEALS, Appellee.**

Civ. A. No. W–94–CA–060.
Bankruptcy No. 93–60646.

United States District Court,
W.D. Texas,
Waco Division.

May 24, 1994.

William E. Stallings, Waco, TX, for debtors.

Jeffrey R. Cox, Waco, TX, for trustee.

## MEMORANDUM OPINION

WALTER S. SMITH, Jr., District Judge.

Came on to be considered the appeal of a Memorandum Opinion entered by Judge Larry E. Kelly on January 20, 1994. Upon careful consideration of the record, including the briefs filed, the Court is of the opinion that the Opinion below should be affirmed for the reasons set forth herein.

### I. Facts

The uncontested facts are as follows. On July 16, 1993, Betty Fay Denton, a member of the Texas House of Representatives, and Kenneth Lane Denton filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code. Consequent to the filing, section 541 of the Bankruptcy code created a bankruptcy estate in most of the debtors' non-exempt property. Debtors' Schedule B lists all personal property of the Dentons, including campaign contributions to Betty Denton maintained in her name in the form of a $10,800.00 Bank One certificate of deposit and a $15,497.00 Community Bank checking account. The issue of this appeal is whether or not these campaign funds should be turned over to the trustee of the Dentons' Bankruptcy Estate.

Both the certificate of deposit and the checking account are composed exclusively of funds donated to Betty Denton by constituents and have not been commingled with any of the Dentons' personal funds. None of the funds were donated by the Dentons. Because The Texas Election Code's transfer restrictions on the use of campaign funds raised issues on the appropriateness of including the funds in the bankruptcy estate, on September 17, 1993, the Trustee of the Bankruptcy Estate filed a Motion to Determine Whether Property is Property of the Estate.

On January 20, 1993, the Bankruptcy Court concluded that the funds constituted property of the estate and ordered that the funds be turned over to the Trustee. On February 4, 1993, the bankruptcy court denied Appellant's subsequent request for a rehearing. Appellant appealed to this court on February 14, 1993. This Court must now decide whether the bankruptcy court's Order

on Trustee's Motion to Determine Whether Property is Property of the Estate should be reversed, thereby excluding the campaign funds from the Dentons' Bankruptcy Estate.

## II. Standard of Review

■ The bankruptcy court's conclusions of law are subject to plenary review. *Matter of Nobleman,* 968 F.2d 483, 485, n. 5 (5th Cir. 1992); *In re Delta Towers, Ltd.,* 924 F.2d 74, 76 (5th Cir.1991). Its findings of fact will be upheld unless found to be clearly erroneous. *Matter of Bennett,* 989 F.2d 779, 781 (5th Cir.1993); *In re Missionary Baptist Foundation, Inc.,* 712 F.2d 206, 209 (5th Cir.1983).

## III. Issues

A. Do statutory restrictions on the use of political campaign funds cause those funds to not be legally considered the property of the owner and consequently not part of the owner's bankruptcy estate?

B. Do statutory restrictions on the use of campaign funds create a trust over those funds that is statutorily excepted from the bankruptcy estate?

## IV. Applicable Law

When a person declares bankruptcy, section 541 of the Bankruptcy Code creates an estate in the debtor's property. 11 U.S.C.A. § 541(a) (1993). The statute expansively defines property of the estate to include "except as provided in subsections (b) and (c)(2) of this section, all legal or equitable interests of the debtor in property as of the commencement of the case." Section 541(c)(1), often called the anti-alienation provision, authorizes the bankruptcy court to include in the bankruptcy estate property that would otherwise be disallowed due to transfer restrictions: "An interest of the debtor in property becomes property of the estate ... notwithstanding any provision in an agreement, transfer instrument, or applicable nonbankruptcy law (A) that restricts or conditions transfer of such interest by the debtor ..." Section 541(c)(2), the only exception to the anti-alienation provision raised by Appellant, does allow restrictions on transfers of beneficial property interests in trusts to stand, thus excepting the interests from inclusion in the bankruptcy estate: "[a] restriction on the transfer of a beneficial interest of the debtor in a trust that is enforceable under applicable nonbankruptcy law is enforceable in a case under this title." The United States Supreme Court held that "applicable nonbankruptcy law" encompasses any relevant nonbankruptcy law, including state spendthrift trust law. *Patterson v. Shumate,* — U.S. —, 112 S.Ct. 2242, 2248, 119 L.Ed.2d 519 (1992). In summary, in order for the court to exclude the campaign funds, the court must find that either Appellant has no property interest in the campaign funds, or that Appellant's interest in the funds is a beneficial interest in a trust fund with a transfer restriction.

## V. The campaign funds are property

■ Appellant argues that the campaign funds are not property, because "[t]he state of Texas created no rights personally in the campaign funds." *Appellant's Brief* at 5. To support this argument, Appellant relies on section 253.035 of the Texas Election Code, which restricts the use of political campaign funds by imposing civil penalties for personal use of such funds. TEX.ELEC.CODE ANN. § 253.035 (Vernon Supp.1994). Appellant concludes that "the officeholder, in this case the Debtor, may not convert the contributions to personal use.... Therefore, it is not property of the estate." *Appellant's Brief* at 5. In making this argument, Appellant ignores the breadth of section 541.

As outlined above, section 541 places all the debtor's property interests in the bankruptcy estate. The facts raise no question that this property was owned by anyone other than Appellant. The bankruptcy court found that the funds were in Betty Denton's name, and that Denton listed the funds as personal property on her schedule B. No other facts indicate that the funds were owned by anyone other than Appellant (for example, the funds are not owned by an organizational entity such as a corporation).

The thrust of Appellant's argument seems to be that because statutes restrict campaigners from using donated funds to satisfy personal debts, the funds should not be classified as the debtor's property, at least not for purposes of bankruptcy. This argument ignores the plain language of the statute,

which broadly includes in the bankruptcy estate "all legal and equitable interests." 11 U.S.C. § 541(a)(1) (1993). Notably, the statute does not exclude from the bankruptcy estate property that is legally restricted to only non-personal uses. Quite to the contrary, the anti-alienation provision requires that the bankruptcy estate include all of the debtor's property "notwithstanding any provision ... that restricts or conditions transfer of such interest by a debtor." § 541(c)(1). Appellant's argument is better directed at what a trustee of the bankruptcy estate can do with the property once placed in the trust.

## VI. Appellant's ownership of the campaign funds do not constitute a valid trust, and so the trust exception fails

 Appellant argues that the election code's restrictions on personal use of campaign funds creates a trust in her funds that would fall in the trust exception, which, if true, means that the funds should be excluded from the bankruptcy estate. For purposes of section 541, state trust law determines whether a trust exists. *Patterson* at ——, 112 S.Ct. at 2246 (1992). One of the most fundamental requirements for the creation of a trust is that the legal and equitable interests in the trust's property be vested in different people. TEX.PROP.CODE ANN. § 112.034(a) (Vernon 1984).

 Appellant asserts that the Texas Election Code's legislative intent "is to make a clear legal distinction between Betty Denton, as an individual, and Betty Denton, as a political candidate, and to require the former to hold campaign contributions in trust, for the sole benefit of the latter." *Appellant's Brief* at 6–7. Since The Texas Property Code does not define "person," the rules of statutory construction guide the court to use the plain and ordinary meaning of the word. *Johnson v. Department of Treasury*, I.R.S. 700 F.2d 971 (5th Cir.1983). The first definition of "person" in Webster's Ninth New Collegiate Dictionary reads "Human being, individual." Notably, the idea that Appellant has different political and personal personalities has its own definition: alter ego. Section 112.034(a) speaks of persons, and not of alter egos, and since legal and equitable titles remain in the same person, no trust is created by the Texas Election Code, which means that Appellant's interests in the funds are included in the bankruptcy estate per section 541 of the Bankruptcy Code.

## VII. Conclusion

Upon careful consideration, the Court is of the opinion that Judge Kelly's decision in the bankruptcy proceeding below was correct and should be affirmed. Accordingly, it is

**ORDERED** that Judge Kelly's Memorandum Opinion in Bankruptcy Case No. 93–60646 is **AFFIRMED,** and this appeal is **DISMISSED.**